**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **COLETTE WOODARDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:11-CV-2678-L-BH** |
| | ) | |
| **GREENBERG TRAURIG, et. al,** | ) | |
| | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Before the Court is Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs*, filed October 11, 2011 (doc. 5). Based on the relevant filings and applicable law, the application to proceed *in forma pauperis* should be **DENIED**, and the case should be dismissed for failure to prosecute or follow orders of the court.

## I.  BACKGROUND

Plaintiff filed this case and moved to proceed *in forma pauperis* (IFP) on October 11, 2011. On October 12, 2011, the Court found that Plaintiff had enough assets to pay the filing fee based on the information in her application and gave her thirty days to pay the full filing fee of $350.00. (*See* doc. 6.) The order specifically warned that if she did not pay the fee within thirty days, denial of leave to proceed IFP would be recommended, and the case would be subject to dismissal. *Id.* Plaintiff has not paid the fee or filed anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the

filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Plaintiff's IFP application reflects that she has a monthly income of $1200.00, she owns a home, and she has monthly expenses totaling $400.00. She does not list any dependents. Because Plaintiff has sufficient income and limited monthly expenses, she will not suffer undue financial hardship after payment of the $350.00 filing fee, and her application to proceed *in forma pauperis* should be denied.

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated October 12, 2011, Plaintiff was given 30 days to pay the filing fee. She was specifically warned that failure to pay the fee would result in a recommendation that his application for leave to proceed IFP be denied and that her case would be subject to dismissal. Because she failed to comply with an order that she pay the filing fee within thirty days, her complaint should be dismissed.

### IV.  RECOMMENDATION

Plaintiff's application to proceed *in forma pauperis* should be denied. This case should be dismissed without prejudice for failure to prosecute or follow orders of the court pursuant to Fed. R. Civ. P. 41(b), unless Plaintiff pays the full filing fee within the fourteen days allotted for objections to this recommendation or by a deadline otherwise set by the Court.

**SIGNED** on this 22nd day of November, 2011.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE